UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANNER D. BARBER,

                    Petitioner,

        v.

JEFFREY A. UTTECHT,

                    Respondent.

CASE NO. 19-5348 RJB-JRC

ORDER DENYING MOTION FOR
RECONSIDERATION

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration (Dkt. 19) of the Order Adopting the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura (Dkt. 17). The Court has considered the motion and the remaining file.

In this 28 U.S.C. § 2254 habeas corpus petition, the Petitioner challenges a state court conviction of several counts of rape of a child and child molestation and the resulting January 11, 2019 sentence. Dkt. 1. His direct appeal is pending in the Washington Court of Appeals Div. II; the appellants' brief is due October 1, 2019. *Washington v. Barber,* Washington Court of Appeals Div. II case number 531313. On July 29, 2019, the Report and Recommendation was filed, recommending that this petition be denied without prejudice for failing to exhaust state

court remedies on any of the claims.  Dkt. 15.  Over Petitioner's objections, the Report and Recommendation was adopted.  Dkt. 17.  Issuance of a certificate of appealability was also denied.  *Id.*

Petitioner now files a motion for reconsideration, asserting that this Court has original jurisdiction over his case and that he need not exhaust his claims in state court.  Dkt. 19. Petitioner has also filed a Notice of Appeal of the Order Adopting the Report and Recommendation to the Ninth Circuit Court of Appeals.  Dkt. 20.

**Jurisdiction While Case is on Appeal**.  Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982).  Under Fed. R. Civ. P. 62.1(a)(2), "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion."

This case is on appeal with the Ninth Circuit Court of Appeals.  This Court lacks jurisdiction to consider the issues raised in Petitioner's pleading.  Pursuant to Rule 62.1, Petitioner's motion should be denied.  Moreover, if this Court had jurisdiction to consider the motion, it would deny the motion.

**Motion for Reconsideration.**  Local Rule W.D. Wash. 7 (h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

If this Court had jurisdiction to consider the motion, Petitioner's Motion for Reconsideration (Dkt. 19) should be denied.  "State prisoners seeking a writ of habeas corpus

from a federal court must first exhaust their remedies in state court.  A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014)(*citing* 28 U.S.C. § 2254(b)(1)(A) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)).  As stated in the prior order, the Petitioner has not fully presented any of his claims to the state appellate courts.  His first direct appeal is pending.  Briefing is not complete in that case.  The Petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).  The authority Petitioner' cites does not support his position that he need not exhaust his claims in state court. His remaining assertions are without merit.

It is **ORDERED** that:

- Pursuant to Fed. R. Civ. P. 62.1, Petitioner's Motion for Reconsideration (Dkt. 19) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to Judge Creatura, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of September, 2019.

_signature_

ROBERT J. BRYAN
United States District Judge